IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-CV-1269-BO-RN

MATTHEW FEEHAN,                          )
                                         )
                  Plaintiff,             )
                                         )
        v.                               )                    O R D E R
                                         )
GRAND CANYON EDUCATION, INC.,            )
GRAND CANYON UNIVERSITY, and             )
BRIAN E. MUELLER,                        )
                                         )
                  Defendants.            )

This cause comes before the Court on defendants' motions to dismiss plaintiff's first

amended complaint [DE 25]; [DE 29]; [DE 31]. Plaintiff has responded, defendants have replied,

and the motions are ripe for disposition. Also pending and ripe for disposition is plaintiff's motion

for sanctions against Grand Canyon University and its attorneys. [DE 37]. Plaintiff has requested

a hearing on these motions but the Court, in the exercise of its discretion, determines that a hearing

is not warranted. *See* Local Civil Rule 7.1(j). For the reasons that follow, plaintiff's complaint is

.dismissed and his motion for sanctions is denied.

BACKGROUND

Plaintiff, who proceeds *pro se*, initiated this action by filing a complaint on July 1, 2025.

[DE 1]. Plaintiff filed an amended complaint on September 17, 2025, [DE 20], bringing eight

claims for relief against defendants: using income derived from a pattern of racketeering activity

to acquire and operate an enterprise in violation of 18 U.S.C. § 1962(a) (count one); conducting

the affairs of a RICO enterprise through a pattern of racketeering activity in violation of 18 U.S.C.

§ 1962(c) (count two); conspiracy to conduct a RICO enterprise in violation of 18 U.S.C. § 1962(d)

Case 7:25-cv-01269-BO-RN    Document 50    Filed 07/07/26    Page 1 of 16

(count three); violations of the Fair Debt Collections Practices Act (FDCPA) (count four); common law fraud under North Carolina law (count five); violation of North Carolina's Unfair and Deceptive Trade Practices Act (UDTPA) (count six); violation of North Carolina's Debt Collection Act (NCDCA) (count seven); and violation of the Fair Credit Reporting Act (FCRA) (count eight). Plaintiff's claims arise from an alleged scheme by Grand Canyon University (GCU) and its officer Brian Mueller to transform a for-profit entity into the centerpiece of a multi-billion-dollar RICO enterprise. [DE 20] ¶ 2. Plaintiff alleges that the enterprise "buried" Grand Canyon Education, Inc. (GCE) within GCU, which allowed the enterprise to tap billions of dollars in federal funds. *Id.*

Plaintiff alleges that GCE and its CEO Mueller nominally converted Gazelle University into a nonprofit entity, GCU, while GCU remained contractually dependent on GCE through a long-term services agreement. *Id.* ¶ 6. GCE is allegedly a $5.75 billion publicly traded company whose revenue comes almost entirely from GCU. *Id.* ¶ 7. Plaintiff, a disabled veteran, enrolled in GCU's doctoral program in data analytics, but withdrew after attending only six days of the Marketing 607 class due to irregularities in his student account ledger. *Id.* ¶¶ 4; 80-83. In connection with his enrollment in GCU's doctoral program, plaintiff had received financial aid from the Department of Veterans Affairs. *Id.* ¶ 73. After his withdrawal from GCU's program, he was contacted by GCE's collections department masquerading as GCU employees seeking to collect the full amount of the class balance, or $2,270, for the course from which plaintiff had withdrawn. *Id.* ¶¶ 84-85. Plaintiff alleges that defendants have shifted the responsibility for the course balance already paid by the Department of Veterans Affairs to plaintiff, which amounts to a debt not authorized under 38 C.F.R. § 21.9695. *Id.* ¶¶ 73; 89. Plaintiff alleges that, thereafter, the RICO enterprise engaged in illegal debt collection practices against him, stripping him of legal

2

rights under state and federal debt collection laws, misleading him, and engaging in misconduct in this court. *Id.*

In March 2023, plaintiff instituted a civil action in this Court against GCU and a third-party debt collections agency arising from the same alleged $2,270 debt. *See Feehan v. Grand Canyon Univ.*, No. 7:23-cv-287-FL (E.D.N.C. Mar. 21, 2023) (*Feehan I*). In *Feehan I*, plaintiff alleged that GCU had violated the FDCPA and the NCDCA. By order entered February 13, 2024, the Court, Flanagan, J., presiding, granted GCU's motion to dismiss and dismissed plaintiff's complaint with prejudice for failure to state a claim.[1] *Id.* [DE 30]; [DE 31]. Plaintiff appealed and the court of appeals affirmed Judge Flanagan's decision. *Id.* [DE 36]; [DE 40]. This action was filed one week after entry of the mandate of the court of appeals in *Feehan I*.

## DISCUSSION

Each defendant moves to dismiss plaintiff's claims under Rule 12(b)(6). A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[1] The third-party collections agency defendant had been voluntarily dismissed by plaintiff.

3

face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to "'discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006) (en banc)).

Defendant Mueller also seeks dismissal of some of plaintiff's claims for lack of subject matter jurisdiction. Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

The Court addresses each of defendants' motions in turn.

4

## A. *GCU's motion to dismiss*

GCU has moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(6), arguing that plaintiff's claims against it are barred by the doctrine of res judicata and, alternatively, that plaintiff has failed to state a valid claim for relief.

"Under the doctrine of *res judicata*, or claim preclusion, 'final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (cleaned up, quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, (1981)).[2] "For the doctrine of *res judicata* to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Id.* at 354–55. A defendant may raise the res judicata defense in a Rule 12(b)(6) motion, and "when entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact[.]" *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

Here, all three elements of res judicata are satisfied. There was a final judgment on the merits in *Feehan I*, there is an identity of the causes of action in this case and in *Feehan I*, and there is an identity of the parties in this case and *Feehan I*. First, plaintiff's claims in *Feehan I* were dismissed with prejudice under Fed. R. Civ. P. 12(b)(6), which operates as a decision on the merits. *See* Fed. R. Civ. P. 41(b).

> The test for deciding whether the causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment. Newly articulated claims based on the same transactional nucleus of facts may still

---

[2] The Court applies federal preclusion law because the prior suit was decided by this Court and this Court's jurisdiction rested on federal question grounds. *See Foye v. Lassiter*, No. 7:24-CV-709-FL, 2025 U.S. Dist. LEXIS 1274, at *6 (E.D.N.C. Jan. 3, 2025); *Feehan I*, [DE 1] ¶ 26.

5

be subject to a res judicata finding if the claims could have been brought in the earlier action.

*Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008) (cleaned up, citations omitted). In this case, as in *Feehan I*, plaintiff's claims arise from the alleged $2,270 debt and the actions of defendant GCU regarding the collection of the debt. While plaintiff has added new claims under RICO, the FCRA, and North Carolina's UDTPA, these new claims are based upon the same facts which were available to him when he filed *Feehan I*. For example, plaintiff alleges that he discovered evidence related to GCU's debt collection activities from a press release dated October 5, 2023, while *Feehan I* was pending, and he relies on GCU's November 1, 2023, debt collection letter in both this case and in *Feehan I*. [DE 20-7]; *Feehan I* [DE 25-1]. Accordingly, while plaintiff has raised new claims against GCU in this case, he could have raised these claims against GCU in *Feehan I*.

Finally, the fact that plaintiff has included additional defendants in this suit which were not named in *Feehan I* does not "'eliminate the *res judicata* effect of [the] prior judgment.'" *Cruthirds v. Lacey*, No. 5:14-CV-00260-BR, 2017 WL 3754764, at *5 (E.D.N.C. Aug. 30, 2017) (quoting *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 249 (9th Cir. 1992)).

In opposition to GCU's motion, plaintiff provides numbered allegations which he attempts to plead in addition to the facts amended complaint, but a plaintiff may not amend his complaint through his opposition to a motion to dismiss. *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013); *M.B. by & through D.B. v. Triangle Math & Sci. Acad. Bd. of Directors*, No. 5:24-CV-664-FL, 2025 WL 2100021, at *3 (E.D.N.C. July 25, 2025). Plaintiff's remaining arguments that the requirements for application of *res judicata* have not been met are without merit. GCU is entitled to dismissal of plaintiff's claims

6

against it on *res judicata* grounds. GCU's motion to dismiss for failure to state a claim is therefore granted.

### B. *GCE's motion to dismiss*

Defendant GCE seeks dismissal of plaintiff's claims for failure to state a claim. GCE argues first that plaintiff's FDCPA claim is barred by the applicable one-year statute of limitations. The FDCPA was enacted in part to "eliminate abusive debt collection practices by debt collectors" and regulate debt collection practices. 15 U.S.C. § 1692(e). It includes a one-year statute of limitations. *See* 15 U.S.C. 1692k(d). Plaintiff has conceded in his first amended complaint that his FDCPA claim, which is based the November 1, 2023, collection letter, is being filed outside the statute of limitations. [DE 20] ¶ 155. Plaintiff asks the Court to equitably toll the statute of limitations based on GCE's "deliberate effort to conceal its identity, mislead the courts, and obstruct Plaintiff's ability to pursue his legal rights." *Id.* "To qualify for equitable tolling, [parties] must show that (1) they diligently pursued their rights, but (2) an extraordinary circumstance prevented them from timely filing their claim. . . . Equitable tolling has long been considered an extraordinary remedy in this circuit, and litigants face a considerable burden to demonstrate that it applies." *CVLR Performance Horses, Inc. v. Wynne*, 792 F.3d 469, 476 (4th Cir. 2015) (internal citation omitted).

Plaintiff has failed to meet the high bar necessary to benefit from equitable tolling. His allegations regarding GCE's efforts to conceal its identity and obstruct plaintiff's attempts to seek redress are speculative at best. For example, plaintiff alleges that a paralegal for GCE accepting service for GCU is evidence of GCE's attempts to mislead the courts, but plaintiff fails to persuasively explain why service on an agent authorized by law to accept service on behalf of another entity is evidence of any wrongdoing. Plaintiff also alleges that GCE's failure to intervene in *Feehan I* is evidence of wrongful conduct, but the Court has been presented with no case which

7

Case 7:25-cv-01269-BO-RN    Document 50    Filed 07/07/26    Page 7 of 16

would suggest that the failure by a party to intervene in a suit amounts to an extraordinary circumstance which would support equitable tolling. In his opposition to the motion to dismiss, plaintiff again relies on GCE's alleged concealment of its identity as grounds for equitable tolling. But, as GCE has argued, plaintiff has conceded that he knew of the relationship between GCE and GCU in 2023, prior to the dismissal of *Feehan I. See, e.g.,* [DE 20] ¶ 160; [DE 20-16]. Nothing presented to the Court would support equitable tolling in this instance. Plaintiff's FDCPA claim is untimely and properly dismissed.

GCE next argues that plaintiff has failed to state a claim under the NCDCA and the North Carolina UDTPA. "The NCDCA prohibits debt collectors from engaging in unfair debt collection practices, including the use of threats, coercion, harassment, unreasonable publications of the consumer's debt, deceptive representations to the consumer, or other unconscionable means." *Ross v. F.D.I.C.*, 625 F.3d 808, 817 (4th Cir. 2010). A plaintiff must at the threshold show that the obligation is a "debt," that the person owing the obligation is a "consumer," and that the entity collecting the obligation is a "debt collector," as those terms are defined by the statute. *Waddell v. U.S. Bank Nat'l Ass'n*, 395 F. Supp. 3d 676, 682 (E.D.N.C. 2019); *see also* N.C. Gen. Stat. § 75-50(1)-(3). "If a plaintiff meets these threshold requirements, a plaintiff must establish the elements of a UDTPA claim: (1) an unfair or deceptive act (2) in or affecting commerce (3) proximately causing injury." *Waddell*, 395 F. Supp. 3d at 682.

Plaintiff alleges that GCE operated as an unregistered and unlicensed North Carolina debt collector, that GCE made false representations regarding the amount and legal status of the debt, that GCE used a false name, specifically GCU, to collect the debt in both written communications and legal process, and that GCE attempted to collect amounts not permitted by contract or law. [DE 20] ¶ 243. The NCDCA does not require a license to collect a debt, *see* N.C. Gen. Stat. § 75-

8

50(3); *Reid v. Ayers*, 138 N.C. App. 261, 265 (2000), and the fact that a plaintiff disputes the validity of the debt does not, in and of itself, establish a violation of the NCDCA. *See, e.g., Scherer v. Steel Creek Prop. Owners Ass'n*, 682 F. App'x 238, 240 (4th Cir. 2017) (noting that even incorrect statement in debt collection letter does not fall within NCDCA's "proscription on falsely representing the character of a debt"). As to using a false name in its debt collections efforts, plaintiff's reliance on GCE's acceptance of service for GCU in *Feehan I* concerns conduct not related to the collection of any debt. In sum, even taking plaintiff's allegations as true, he has failed to plausibly allege a violation of the NCDCA. Plaintiff's UDTPA claim also fails to state a claim, as the NCDCA provides the exclusive remedy for a party challenging abusive debt collection. *DIRECTV, Inc. v. Cephas*, 294 F. Supp. 2d 760, 765 (M.D.N.C. 2003).

Plaintiff does not directly address GCE's arguments in support of dismissal of his NCDCA or UDTPA claims in his opposition to the motion to dismiss. By failing to respond to these arguments, plaintiff has conceded that dismissal of these claims is appropriate. *See Evans v. City of Lynchburg*, 766 F. Supp. 3d 614, 618 (W.D. Va. 2025) ("Failure to respond to conspicuous, nonfrivolous arguments in an opponent's brief constitutes a waiver of the corresponding claims."). Accordingly, plaintiff's NCDCA and UDTPA claims are dismissed.

Plaintiff has also failed to directly respond to GCE's motion to dismiss his common law fraud claim and his FCRA claim. A claim for fraud under North Carolina law requires a plaintiff to show "(1) a false representation or concealment of a material fact, (2) that was reasonably calculated to deceive, (3) which was made with the intent to deceive, (4) that did in fact deceive, and (5) resulted in damage." *Breeden v. Richmond Cmty. Coll.*, 171 F.R.D. 189, 194 (M.D.N.C. 1997). A plaintiff is required to plead fraud with particularity. Fed. R. Civ. P. 9(b). "This particularity requirement is often called the fraud's 'who, what, when, where, and how.'" *United*

9

*States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 195 (4th Cir. 2022). Plaintiff's allegations fall short of the requirements for pleading fraud and, for those reasons described by GCE in its memorandum, this claim is properly dismissed.

The FCRA imposes duties on both credit reporting agencies and furnishers of information to the credit reporting agencies. *Saunders v. Branch Banking And Tr. Co. Of VA*, 526 F.3d 142, 147-48 (4th Cir. 2008). Plaintiff appears to allege that GCE violated the FCRA as a furnisher by threatening to report a debt without identifying it as disputed and by failing to have adequate procedures to ensure the accuracy of the information it furnished to credit reporting agencies.

The FCRA prohibits furnishers from reporting false information, 15 U.S.C. § 1681s-2(a)(1)(A), but plaintiff does not allege that GCE ever did report information related to plaintiff's debt to a credit reporting agency. Moreover, no private right of action for violation of this section of the FCRA exists. *Saunders*, 526 F.3d at 149. As to plaintiff's second theory, plaintiff's amended complaint does not identify the specific section of the FCRA that GCE is alleged to have violated, and it appears that the only entities required to maintain adequate procedures for reporting accurate information are the credit reporting agencies, not furnishers of information. *See* 15 U.S.C. 1681e(b). Plaintiff has failed to allege a plausible violation of the FCRA and this claim is properly dismissed.

Finally, the Court turns to plaintiff's RICO claims, which he brings under 18 U.S.C. §§ 1962(a), 1962(c), and 1962(d). "To allege a violation of Section 1962(a), a plaintiff must show: (a) receipt of income from a pattern of racketeering activity, and (b) the use or investment of this income in an enterprise." *Chambers v. King Buick GMC, LLC*, 43 F. Supp. 3d 575, 605 (D. Md. 2014). "To state a claim under 18 U.S.C. § 1962(c), a complaint must plausibly allege the defendant (1) is a RICO person associated with (2) an enterprise (3) that is distinct from the person,

and (4) the defendant conducted the enterprise's affairs (5) through a pattern (6) of racketeering." *Oriole Grp., LLC v. Pool Scouts Franchising, LLC*, 791 F. Supp. 3d 661, 683 (E.D. Va. 2025); *see also MSP Recovery Claims, Series LLC v. Lundbeck LLC*, 130 F.4th 91, 105 (4th Cir. 2025) (citation omitted) ("To survive a motion to dismiss, a RICO claim must adequately plead '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'"). For RICO purposes, "racketeering activity" includes "'any act or threat' involving specified state law crimes, such as murder or bribery, or an 'act' indictable under various federal statutes, such as mail and wire fraud." *ePlus Tech., Inc. v. Aboud*, 313 F.3d 166, 181 (4th Cir. 2002) (citing 18 U.S.C. § 1961).

Here, plaintiff alleges the following racketeering activities: mail fraud in violation of 18 U.S.C. § 1341 by knowingly transmitting false and misleading collection letters, billing notices, and balance statements through the U.S. Postal Service; wire fraud in violation of 18 U.S.C. § 1343 by using interstate wires to demand payments of debts defendants knew were false or otherwise unlawful; obstruction of justice in violation of 18 U.S.C. § 1503 by interfering with the judicial process in *Feehan I* by permitting a GCE paralegal to accept service on behalf of GCU and thereby concealing GCE's true role; and witness tampering in violation of 18 U.S.C. § 1512 by misleading and harassing plaintiff, a *pro se* litigant and fact witness in his own case. [DE 20] ¶¶ 184; 195.

Predicate acts of mail and wire fraud must be pleaded with particularity, *Doe 9 v. Varsity Brands, LLC*, 679 F. Supp. 3d 464, 486 (D.S.C. 2023), and a plaintiff must further plausibly allege that the defendant acted with the intent to defraud. *See Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 647 (2008); *Chisolm v. TranSouth Fin. Corp.*, 95 F.3d 331, 336 (4th Cir. 1996). Plaintiff's amended complaint fails to allege the necessary particulars of GCE's alleged mail or

11

wire fraud or that any communications were sent with the intent to deceive. In his opposition to the motion to dismiss, plaintiff contends that his claims are based on a theory of fraud by omission or concealment, and asks the Court to apply the "relaxed Rule 9(b) standard in cases involving alleged fraud by omission or concealment—such as allegations of a non-ink-to-paper agreement— because it is well-nigh impossible for plaintiffs to plead all the necessary facts with particularity, given that those facts will often be in the sole possession of the defendant." *Scharpf v. Gen. Dynamics Corp.*, 137 F.4th 188, 195 (4th Cir. 2025) (cleaned up, quoting *Corder v. Antero Res. Corp.*, 57 F. 4th 384, 402 (4th Cir. 2023)). But, as discussed above, plaintiff may not amend his complaint through his opposition to a motion to dismiss, and his amended complaint alleges, though insufficiently, affirmative misrepresentations by GCE, not any fraud by omission or concealment.

Plaintiff also alleges obstruction of justice and witness tampering as predicate acts in connection with his claim under 18 U.S.C. § 1962(a), a RICO reinvestment claim. Obstruction of justice includes "endeavors to influence, intimidate, or impede any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States magistrate judge or other committing magistrate, in the discharge of his duty . . .." 18 U.S.C. § 1503(a). Plaintiff's claim for obstruction of justice is based on a GCE paralegal's acceptance of service by a process server – not conduct that is contemplated under § 1503. Nor has plaintiff plausibly alleged the existence of any witness tampering, which requires a showing of physical force or the threat of physical force, intimidation or threats, or harassment which prevents a person from, among other things, testifying in or attending an official proceeding. 18 U.S.C. § 1512(a)-(d).

Plaintiff has failed to plausibly allege the existence of any predicate acts for purposes of his RICO claims. Nor has plaintiff plausibly alleged any proximate harm by any alleged RICO violation. "When a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006); *see also Slay's Restoration, LLC v. Wright Nat'l Flood Ins. Co.*, 884 F.3d 489, 494 (4th Cir. 2018) ("RICO causation requires a proximity of statutory violation and injury such that the injury is sequentially the direct result—generally at 'the first step' in the chain of causation."). The injuries plaintiff alleges that he has suffered include attempted collection efforts for the $2,270 he claims he does not owe, injury to his credit and reputation, expenditures such as litigation costs, loss of statutory protections, and emotional and physical distress. [DE 20] ¶¶ 197, 206. Plaintiff has failed to plausibly allege any direct injury to his business or property that was caused by any alleged racketeering activity of defendants. *See Potomac Elec. Power Co. v. Elec. Motor & Supply, Inc.*, 262 F.3d 260, 264 (4th Cir. 2001). His § 1962(a) and § 1962(c) claims are dismissed.

As plaintiff has failed to plausibly allege an underlying RICO violation, his RICO conspiracy claim under § 1962(d) also fails. *Doe 9*, 679 F. Supp. 3d at 487. In sum, GCE's motion to dismiss is granted in full.

### C. *Mueller's motion to dismiss*

Mueller has moved to dismiss plaintiff's amended complaint pursuant to Rules 12(b)(1) and 12(b)(6). In light of the foregoing analysis, the Court assumes, without deciding, that plaintiff has Article III standing to pursue his federal claims, and thus proceeds to Mueller's 12(b)(6) arguments. Plaintiff has failed to respond to all but Mueller's arguments in favor of dismissal of his RICO claims. Accordingly, and because plaintiff's amended complaint generally fails to

13

plausibly allege the personal involvement of Mueller and for the reasons discussed above, plaintiff's FDCPA, FCRA, and state law claims against Mueller are dismissed.

Turning to plaintiff's RICO claims, plaintiff has expressly alleged that "the RICO 'person' is GCE itself, which is legally distinct from the association-in-fact enterprise described" in the amended complaint. [DE 20] ¶ 181. While plaintiff alleges that the RICO enterprise includes Mueller, he has alleged GCE is the "person" for RICO purposes. *Id.* ¶ 182. As plaintiff has expressly alleged that only GCE is a "person" for purposes of RICO, his 18 U.S.C. § 1962(c) claim against Mueller is properly dismissed.

Moreover, for those reasons discussed above, plaintiff has failed to plausibly allege the existence of any racketeering activity, or that Mueller engaged in any of the alleged predicate acts. And, as above, plaintiff's § 1962(d) RICO conspiracy claims fails as plaintiff has failed to plausibly allege a substantive RICO claim. Mueller's motion to dismiss pursuant to Rule 12(b)(6) is therefore granted.[3]

### D. *Motion for sanctions*

Plaintiff seeks the entry of sanctions against defendant GCU and its attorneys pursuant to Fed. R. Civ. P. 11, Fed. R. Civ. P. 7.1, and Local Civil Rule 7.3. Plaintiff's motion is based upon GCU's failure to file a financial disclosure statement in *Feehan I* and to otherwise comply with Fed. R. Civ. P. 7.1. Plaintiff asks the Court to enter a show cause order requiring counsel for GCU

---

[3] Throughout his complaint and oppositions to the motions to dismiss, plaintiff relies on the existence of cases pending in other districts in which complaints have been found to have plausibly alleged the existence of a RICO enterprise involving GCE. *See, e.g., Smith v. Grand Canyon Education Inc.*, No. 2:24-cv-1410 (D. Ariz. Sept. 17, 2025); [DE 20-17]. But plaintiff's claims here differ from the claims alleged in the cases on which plaintiff relies. In *Smith*, for example, the plaintiffs alleged the existence of RICO violations arising out of misrepresentations regarding the cost and time necessary to complete doctoral degrees at GCU. [DE 20-17] at 2. In this case, plaintiff attempts to allege RICO violations based fundamentally on the $2,270 debt he claims he does not owe and attempts to have plaintiff pay that debt.

14

to explain: counsel's failure to file a financial disclosure statement, counsel's failure to alert the Court upon discovering that plaintiff had not named GCE as a defendant when GCE had a direct financial interest in the outcome of the case, and counsel's failure to correct the record or notify the Court once counsel learned that the November 1, 2023, letter to plaintiff was sent by GCE and not GCU. [DE 37] at 12. Plaintiff further seeks payment of his excess costs for counsel's unreasonable and vexatious conduct which multiplied these proceedings. *Id.*

In response, counsel for GCU has explained that the failure to file a financial disclosure form in *Feehan I* was an inadvertent error. Moreover, counsel filed a financial disclosure statement in the court of appeals after plaintiff noticed a direct appeal of the dismissal of his complaint, and counsel contends that financial disclosure accurately disclosed no other entity, such as GCE, as having a direct financial interest in the outcome of that litigation. In this case, GCU disclosed GCE as having a direct financial interest in the litigation because GCE is a named defendant. *See* [DE 42].

Rule 11(b) for the Federal Rules of Civil Procedure provides that, by submitting documents to the Court, a party certifies that, to the best of his or her knowledge, (1) they are not submitted for an improper purpose; (2) the claims, defenses, and other legal contentions are warranted by existing law or a nonfrivolous argument for extending the law; (3) the factual contentions have evidentiary support; and (4) the denials of factual contentions are warranted on the evidence. Fed. R. Civ. P. 11(b). Rule 11(c) provides for the imposition of sanctions for violation of Rule 11(b). Fed. R. Civ. P. 11(c). "The primary purpose of Rule 11 is to punish violators and deter parties and their counsel from pursuing unnecessary or unmeritorious litigation." *Moody v. Arc of Howard Cty., Inc.*, 474 F. App'x 947, 950 (4th Cir. 2012). Whether to impose Rule 11 sanctions is within

15

the discretion of the district court. *Ost-W.-Handel Bruno Bischoff GmbH v. Project Asia Line, Inc.*, 160 F.3d 170, 177 (4th Cir. 1998).

The Court is persuaded by the arguments and assertions by counsel for GCU that no intentional violation of the rules has occurred and that there are no grounds to support the imposition of sanctions or a show cause order. *See, e.g., In re Bees*, 562 F.3d 284, 288 (4th Cir. 2009) (noting that "isolated, inadvertent error does not justify Rule 11 sanctions."). Accordingly, the Court, in its discretion, denies plaintiff's motion for sanctions.

## CONCLUSION

Accordingly, for the foregoing reasons, Grand Canyon University's and Grand Canyon Education's motions to dismiss [DE 25]; [DE 29] are GRANTED. Defendant Brian Mueller's motion to dismiss [DE 31] is GRANTED as to his request for dismissal pursuant to Rule 12(b)(6) and DENIED WITHOUT PREJUDICE as to his request for dismissal pursuant to Rule 12(b)(1). Plaintiff's complaint is hereby DISMISSED for failure to state a plausible claim for relief pursuant to Rule 12(b)(6). Plaintiff's motion for sanctions [DE 37] is DENIED. The clerk is DIRECTED to enter judgment in favor of defendants and close this case.

SO ORDERED, this **7** day of July 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

16